## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## HATTIESBURG DIVISION

**ELLIOT YOUNG, # 62346**                                                    **PETITIONER**

**versus**                                           **CIVIL ACTION NO. 2:11cv147-KS-MTP**

**RONALD KING**                                                              **RESPONDENT**

### REPORT AND RECOMMENDATION

THIS MATTER is before the court on the Petition of Elliot Young for Writ of Habeas
Corpus [1] pursuant to 28 U.S.C. § 2254, and Respondent's Motion to Dismiss [8] pursuant to
Section 2244(d).  Having considered the submissions of the parties, along with documents made
a part of the record of this case and the applicable law, the undersigned recommends that
Respondent's Motion to Dismiss [8] be granted and that the petition be dismissed with prejudice.

PROCEDURAL HISTORY

On or about October 4, 2007, Petitioner was convicted of two counts of the unlawful sale
of cocaine in the Circuit Court of Walthall County, Mississippi, Cause Number 2006-84, and
was sentenced on October 8, 2007, as a habitual offender to two life sentences without the
possibility of parole.  *See* Ex. A to Motion [8-1].  Petitioner appealed his conviction and sentence
to the Mississippi Supreme Court, and the Mississippi Court of Appeals affirmed the trial court's
judgment on March 10, 2009; Petitioner's motion for rehearing was denied on July 28, 2009.
*See Young v. State,* 13 So. 3d 339 (Miss. Ct. App. 2009); Ex. B to Motion [8-2].  Based on the
information available, Petitioner did not file a petition for writ of certiorari with the Mississippi
Supreme Court.[1]

---

[1]Petitioner has not identified or mentioned such a petition in his pleadings and the official
website for the Mississippi Supreme Court does not reveal one.  *See* http://courts.ms.gov/
appellate_courts/generaldocket.html (last visited Feb. 2, 2012).

Petitioner filed a motion for leave to file motion for post-conviction collateral relief in the Mississippi Supreme Court on or about August 27, 2010.[2]  The Mississippi Supreme Court denied the motion on September 29, 2010.[3]  Petitioner sought certiorari review of the state court's ruling in the United States Supreme Court, which was denied by order filed January 31, 2011.[4]

Petitioner submitted his federal Petition for Writ of Habeas Corpus [1] on or about July 14, 2011.  The Respondent contends that Petitioner's Petition was not timely filed and that it should be dismissed.

DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA), to which this case is subject, specifies that a petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell,* 334 F.3d 433, 435 (5th Cir. 2003).  A state judgment becomes final "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari."  *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999).  The expiration of the time for review thus includes "the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort."  *Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003).

Petitioner's motion for rehearing was denied on July 28, 2009, and Petitioner did not file

---

[2]*See* Ex. C to Motion [8-3].

[3]*See* Ex. D to Motion [8-4].

[4]*See* Ex. E to Motion [8-5].

a petition for writ of certiorari with the Mississippi Supreme Court.  Thus, Petitioner's judgment became final-- and the statute of limitations for federal habeas relief began to run-- on August 11, 2009 (fourteen (14) days after his motion for rehearing was denied),[5] giving him until August 11, 2010, to file his petition.  Petitioner did not file his federal petition until, at the earliest, July 14, 2011,[6] almost one year after the federal statute of limitations had expired.  Based on the foregoing, Petitioner's federal petition for habeas corpus is barred by the one-year statute of limitations unless he is entitled to either statutory or equitable tolling.

Whether statutory tolling occurred during the period between the judgment becoming final on August 11, 2009, and Petitioner's filing of the federal petition for habeas corpus on or about July 14, 2011, is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or other collateral review" remains pending.

As set out above, Petitioner did file a motion for post-conviction relief in state court, but did not do so until August 26, 2010, fifteen days *after* the expiration of the deadline to file his federal habeas petition.  Because Petitioner failed to file a motion for post-conviction relief in state court before the expiration of the deadline to file his federal petition, statutory tolling pursuant to Section 2244(d)(2) does not apply.

In his Response [10] in opposition to Respondent's Motion [8], Petitioner claims his petition is not time-barred due to "newly discovered evidence" in the form of an affidavit he did not receive until 2008.  Thus, Petitioner is attempting to invoke the "factual predicate" exception

---

[5]*See* Miss. R. App. P. 17(b).

[6]"Under the 'mailbox rule,' a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court."  *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).

of 28 U.S.C. § 2244(d)(1)(D).  Section 2244(d)(1)(D) provides that the limitations period begins to run "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  Petitioner's "newly discovered evidence" which he claims forms the factual predicate of his claims is an affidavit dated November 26, 2007, by Dexter Cook, a informant for the State who testified against him at trial.  In his affidavit, Cook states that he was coerced to give false testimony against Petitioner at trial.  He states that he actually purchased Viagra, and not crack cocaine from Petitioner in May 2006.  *See* Ex. A-1 to Memo. [2].

The court finds that the affidavit does not constitute "new" evidence.  The affidavit was presented to the state court in Petitioner's motion for leave to file a motion for post-conviction collateral relief.[7]  The Mississippi Supreme Court denied the motion, finding that Petitioner failed to make a substantial showing of the denial of a state or federal right as required by Miss. Code Ann. § 99-39-27(5).[8]  Even assuming the affidavit constitutes "new evidence" within the meaning of Section 2244(d)(1)(D), and that 2008 is the earliest Petitioner could have discovered the alleged "new evidence" through the exercise of due diligence, his petition would still be untimely.  As pointed out by Respondent, Section 2244(d)(1) provides that the one-year limitation period runs from the *latest* of the dates set forth in subsections (A) - (D).  Under Section 2244(d)(1)(A), Petitioner's state judgment became final on August 11, 2009, which is later than the alleged discovery of Mr. Cook's affidavit in 2008 under Section 2244(d)(1)(D). Thus, as set forth above, the statute of limitations began to run on August 11, 2009, and Mr. Cook's affidavit does not serve to make Petitioner's petition timely.

---

[7]*See* Ex. C to Motion [8-3].

[8]*See* Ex. D to Motion [8-4].

The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in Section 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Generally, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998). The petitioner bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). The court should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811).

Petitioner claims he is entitled to equitable tolling because Cook's affidavit, discussed above, shows that he was wrongfully convicted of selling cocaine and that to allow his conviction to stand would constitute a fundamental miscarriage of justice. The court will address this argument as a claim of actual innocence. *See Starns v. Bingham*, No. 4:06CV140-TSL-LRA, 2007 WL 954742, at *3 (S.D. Miss. 2007) (fundamental miscarriage of justice claim discussed in connection with equitable tolling and actual innocence).

A mere *claim* of actual innocence does not constitute rare and exceptional circumstances to warrant equitable tolling. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("Felder's actual innocence claim also does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are

innocent.").  In *Felder* the Fifth Circuit left open the question of whether a *showing* of actual

innocence could equitably toll the limitations period.  *Felder*, 204 F.3d at 171, n.8; *see also*

*Prince v. Thaler*, 354 F. App'x 846, 848 (5th Cir. 2009) (because petitioner failed to make a

showing of actual innocence, the court declined to address whether actual innocence may

equitably toll the statute of limitations under 28 U.S.C. § 2244(d)(1)).

"Although actual innocence is not a stand-alone basis for relief, it can serve as a 'gateway

to defaulted claims' if it is established that, 'in light of new evidence, it is more likely than not

that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'"  *Tate v.*

*Parker*, No. 4:06CV99 DPJ-FKB, 2010 WL 2606045, at *4 (S.D. Miss. June 22, 2010) (quoting

*House v. Bell*, 547 U.S. 518, 536-37 (2006)).

As previously discussed, Cook's affidavit recants his trial testimony.  Cook's affidavit

states that he was coerced to give false testimony against Petitioner at trial.  He states that he

actually purchased Viagra, and not crack cocaine from Petitioner in May 2006.  *See* Ex. A-1 to

Memo. [2].  "Recanted testimony is obviously suspect."  *See Tate*, 2010 WL 2606045, at *5-6

(citing *Schlup v. Delo*, 513 U.S. 298, 324 (1995)) ("The recanted testimony of an individual with

numerous credibility issues at the time of the subject transaction and at the time he recanted his

sworn testimony is not sufficiently reliable to satisfy Tate's burden [of showing that he is

actually innocent].");  *see also Spence v. Johnson*, 80 F.3d 989, 1003 (5th Cir.1996) ("[W]e

reiterate that 'recanting affidavits and witnesses are viewed with extreme suspicion by the

courts.'" (citation omitted)).

Moreover, this court cannot conclude that "it is more likely than not that no reasonable

juror would have found petitioner guilty beyond a reasonable doubt'" in light of Cook's

affidavit.  *See Tate*, 2010 WL 2606045, at *4 (quoting *House*, 547 U.S. at 536-37).  Petitioner

presented this basic theory (that he sold Cook Viagra and not cocaine) at trial.  Petitioner

testified at trial that he knew Cook was a confidential informant and that he sold him Viagra and

not cocaine.  Petitioner further testified that Cook and the undercover agents were liars and

accused them of tampering with the evidence.  *See Young v. State*, 13 So. 3d 339, 342 (Miss. Ct.

App. 2009).  Further, Cook's affidavit was presented to the Mississippi Supreme Court in

Petitioner's motion for post-conviction relief and the court denied his motion, finding no

substantial showing of the denial of a federal or state right.[9]

Additionally, Petitioner claims he discovered Cook's affidavit sometime in 2008, which

was before the Mississippi Court of Appeals affirmed the trial court's judgment.  However, there

is no evidence that Petitioner submitted the affidavit to the Court of Appeals.  Petitioner waited

over two years after he discovered the alleged new evidence to present it when he filed his state

motion for post-conviction collateral relief raising the issue of "newly discovered evidence."[10]

Thus, Petitioner did not diligently pursue habeas relief and is not entitled to equitable tolling.

*See Lawrence*, 549 U.S. at 336; *see also Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001)

(holding that because petitioner waited more than four months after the Louisiana Supreme

Court's denial of his application for a supervisory writ to file his federal habeas petition, he did

not "expediently" file his federal habeas petition and, thus, equitable tolling was not warranted);

*Wickware v. Thaler*, 404 F. App'x 856, 861 (5th Cir. 2010) (internal citations and quotations

omitted) (stating "we have repeatedly emphasized that equitable tolling is not available to those

---

[9]*See* Ex. D to Motion [8-4].

[10]*See* Ex. C to Motion [8-3].

who sleep on their rights").

Petitioner also claims he is entitled to equitable tolling because he does not have access to an adequate law library. Petitioner does not allege he was denied access to the law library. Rather, he complains that inmate writ writers are prohibited from assisting other inmates at MDOC facilities, and that staff at the law library do not help inmates file legal work. He also complains that the staff at the law library are not "law literate or schooled in the science of law" and that he is only able to get ten cases per week. *See* Response [10] at 4-5.

Petitioner has not shown that he was "actively misled" or that he was prevented from asserting his rights. *See Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999). Neither ignorance of the law nor being *pro se* constitute rare and exceptional circumstances. *See Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999) ("We have held that neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. . . . It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason."). Petitioner's pleadings, in which he cites to case law and other authority, demonstrate that he is capable of preparing legal pleadings and communicating with the court.

Accordingly, the court is of the opinion that Petitioner has failed to meet his burden of establishing "rare and exceptional" circumstances sufficient to justify the application of equitable tolling to his time-barred petition.

CONCLUSION

Petitioner's state court conviction became final on August 11, 2009. Based upon the one-

8

year limitation period found in 28 U.S.C. § 2244(d)(1)(A), he had until August 11, 2010, February 7, 2008, at the latest, to file a federal petition for a writ of habeas corpus.  Based on this court's conclusion that Petitioner has failed to meet his burden of proving that statutory or equitable tolling is appropriate, and because he did not file his federal petition until July 14, 2011, he cannot avoid the statutory bar of Section 2244(d).

RECOMMENDATION

For the reasons stated above, the undersigned recommends that the Respondent's Motion to Dismiss [8] be GRANTED and that Petitioner's Petition for Writ of Habeas Corpus be dismissed with prejudice.

NOTICE OF RIGHT TO OBJECT

In accordance with the rules  and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 2nd day of February, 2012.

s/ Michael T. Parker
United States Magistrate Judge