IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ELLIOT YOUNG, #62346

VS.                                                    CIVIL ACTION NO. 2:11cv147-KS-MTP

RONALD KING


ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Petition of Elliot Young for Writ of *Habeas Corpus* filed pursuant to 28 U.S.C. § 2254 [1], and Respondents' Motion to Dismiss pursuant to 2244(d) [8].  The Petitioner has filed an Objection [13] to the Report and Recommendation and the Court has considered the above documents, together with the record in this case and the applicable law and finds that the Respondent's Motion to Dismiss [8] should be **granted** and that the Petition should be dismissed with prejudice.

1. PROCEDURAL HISTORY

On or about October 4, 2007, Petitioner was convicted of two counts of the unlawful sale of cocaine in the Circuit Court of Walthall County, Mississippi, Cause Number 2006-84, and was sentenced on October 8, 2007, as a habitual offender to two life sentences without the possibility of parole.  *See* Ex. A to Motion [8-1].  Petitioner appealed his conviction and sentence to the Mississippi Supreme Court, and the Mississippi Court of Appeals affirmed the trial court's judgment on March 10, 2009; Petitioner's motion for rehearing was denied on July 28, 2009. *See Young v. State,* 13 So. 3d 339 (Miss. Ct. App. 2009); Ex. B to Motion [8-2].  Based on the information available, Petitioner did not file a petition for writ of certiorari with the Mississippi

Supreme Court.[1]

Petitioner filed a motion for leave to file a motion for post-conviction collateral relief in the Mississippi Supreme Court on or about August 27, 2010.[2]  The Mississippi Supreme Court denied the motion on September 29, 2010.[3]  Petitioner sought certiorari review of the state court's ruling in the United States Supreme Court, which was denied by order filed January 31, 2011.[4]

Petitioner submitted his federal Petition for Writ of Habeas Corpus [1] on or about July 14, 2011.  The Respondent contends that Petitioner's Petition was not timely filed and that it should be dismissed.

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.")  Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37,

---

[1] Petitioner has not identified or mentioned such a petition in his pleadings and the official website for the Mississippi Supreme Court does not reveal one.  *See* http://courts.ms.gov/appellate_courts/generaldocket.html (last visited Feb. 2, 2012).

[2] *See* Ex. C to Motion [8-3].

[3] *See* Ex. D to Motion [8-4].

[4] *See* Ex. E to Motion [8-5].

40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III.  PETITIONER'S OBJECTIONS AND ANALYSIS

In his objections (styled "Petition for Rehearing"), Petitioner relates that the law library is inadequate and that the one year statute of limitations should not apply to him because of his inadequate training and his lack of ability to access legal assistance. He also argues that the recanting witness, Mr. Cook, should be examined by the Court. However, Petitioner never addresses the findings in the Report and Recommendation that the one year statute of limitations has run. He also does not address the issue of equitable tolling, other than to say that he was prevented from timely filing documents because of his lack of training and an inadequate law library.

The Court has considered the Report and Recommendation and the application of the Antiterrorism and Effective Death Penalty Act (AEDPA) by the Magistrate Judge. It is clear from the record that the one year statute of limitations has run and that there is no justification for equitable tolling.

### IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Young's objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the

law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Elliot Young's claim is **dismissed with prejudice**.  The pending Motion for Hearing [14] is dismissed as moot.

    SO ORDERED this, the 27th  day of March , 2012.

                                            *s/Keith Starrett*
                                            UNITED STATES DISTRICT JUDGE